## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

**ROBERT LEE MARSHALL, 473428**          **CIVIL ACTION NO.  11-1789**

**VERSUS**                                        **SECTION "B"**

**N. BURL CAIN, WARDEN**                 **MAGISTRATE (6)**

## MEMORANDUM IN OPPOSITION TO APPLICATION FOR HABEAS CORPUS

**MAY IT PLEASE THE COURT:**

This Memorandum is filed on behalf of Water Reed, District Attorney for the Parish of St. Tammany, State of Louisiana in opposition to the application for habeas corpus relief filed by petitioner herein.

## STATEMENT OF THE CASE

Petitioner, Robert Lee Marshall (hereinafter referred to as "Marshall"), is a state court prisoner incarcerated following conviction on January 31, 2007 of one count of second degree murder.  On February 2, 2007, Marshall was sentenced to life imprisonment, without benefit of probation, parole or suspension of sentence. On December 21, 2007, the First

Circuit Court of Appeal affirmed the conviction and sentence.  On September 19, 2008, Marshall's writ application was denied by the Louisiana Supreme Court.

## LAW AND ARGUMENT

### Timeliness

The federal habeas corpus application filed herein by petitioner must be filed in accordance with the requirements of 28 U.S.C. 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA applies to this case since it was filed after the enactment of the AEDPA, which became effective on April 24, 1996. Leonard v. Hubert, 2001 WL 333123 (E.D. La. 2001).  The AEDPA established a one (1) year statute of limitations for the filing of federal habeas applications.  28 U.S.C. 2244(d)(1). Pursuant to this sub-section, this one year statute of limitations runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Petitioner was convicted on January 31, 2007 and was sentenced on February 2, 2007.  His conviction and sentence were affirmed by the First Circuit Court of Appeal on December 21, 2007.  Petitioner sought review of that ruling with the Louisiana Supreme Court, which denied his writ application on September 19, 2008.  The State submits that, for AEDPA purposes, petitioner's conviction and sentence became final on December 18, 2008, ninety days after the Louisiana Supreme Court denied his writ application, when his time limitation for seeking review with the United States Supreme Court expired.

The AEDPA provides for interruption of the one year limitations period, stating that "the time during which a properly filed application for state post conviction or other

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection".  28 U.S.C. §2244(d)(2). Marshall filed his first application for post-conviction relief with the district court on July 17, 2009.  At this time, 210 days of his habeas filing period had elapsed.  Following denial by the district court on August 31, 2009, Marshall sought review with the Louisiana First Circuit Court of Appeal, which denied his writ application on November 9, 2009, and the Louisiana Supreme Court, which denied his writ application on November 5, 2010.  His one year AEDPA filing period began to run again and expired on April 9, 2011.  This habeas petition was signed by petitioner on June 20, 2011, but the AEDPA filing period had already expired at that time.  Accordingly, the State submits this action is untimely.

**Exhaustion of State Remedies**

28 U.S.C. 2254(b)(1)(A) provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a state court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state.  The exhaustion requirement is satisfied if a petitioner has fairly presented the substance of his claims to the state courts. *See also* Alexander v. Johnson, 163 F.3d 908 (5th Cir. 1998), which held that a habeas petition containing both exhausted and non-exhausted claims is a mixed petition which should be dismissed without prejudice.

Petitioner raises two claims herein.  The first claim is that the trial court erred in denying his motion to suppress the evidence and statement made to Det. Saacks, because the officer failed to honor his invocation of his Fifth Amendment privilege. Petitioner did raise,

in his direct appeal, an error regarding the denial of the motion to suppress the statement, but there was no error alleged in the denial of the motion to suppress evidence.  Accordingly, the State submits the portion of this claim concerning the suppression of evidence is unexhausted, while the portion concerning the suppression of the statement is exhausted. The second claim raised herein is an ineffective assistance of counsel claim, which was raised in both the direct appeal and post-conviction application, and accordingly, that claim appears to be exhausted.

Since a portion of claim one is unexhausted, in the event this action is not dismissed as untimely, it should be dismissed as a mixed petition  for failure to exhaust state court remedies.

**<u>Standard of Review</u>**

This Petition for Writ of Habeas Corpus was filed pursuant to 28 U.S.C. 2254, which provides that an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall only be entertained on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  A federal court may grant a writ of habeas corpus only if a state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the United States Supreme Court has on a set of materially indistinguishable facts.  Absent such a direct conflict with the United States Supreme Court, the writ of habeas corpus is available only if the state court unreasonably applies clearly established federal law, as determined by the United States Supreme Court, to the facts of

the prisoner's case, or makes an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  The standard is one of objective reasonableness.  Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000).  Furthermore, state court factual determinations shall be presumed correct unless rebutted by "clear and convincing evidence".  Williams v. Cain, 125 F.3d 269 (5th Cir. 1997).

In Cullen v. Pinholster, docket no. 09-1088, 131 S.Ct. 1388 (2011), the Supreme Court addressed the issue of "whether review under §2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before a federal habeas court".  *Id* at 1398.  The Court held that review under §2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits".  *Id* at 1398.  §2254(d)(1) applies to claims that were adjudicated on the merits in state court proceedings and provides that a federal habeas application shall not be granted with respect to such claim, unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Section 2254(d) applies even where there has been a summary denial."  Pinholster, *supra* at 1402.  In these circumstances, a petitioner "can satisfy the 'unreasonable application' prong of §2254(d)(1) only by showing that 'there was no reasonable basis'" for the state court's decision.  Pinholster, *supra* at 1402.

The State submits the claims at issue herein were adjudicated on the merits by the state court, and therefore, no evidentiary hearing should be held herein.

**Claim No. 1 - Failure to Suppress Statement**

In his first claim, petitioner argues that the trial court erroneously denied his motions to suppress the evidence and statements, because Det. Saacks failed to honor his invocation of his Fifth Amendment right to remain silent. While he references a brief for supporting facts, no brief was filed. In his direct appeal, he identified the statements at issue made to Det. Saacks as his statement that he knew nothing about the shooting and was at home at the time. These statements contradicted his defense at trial.

Initially, the State would point out that defendant made the same statement to Detective Picone immediately after he was read his rights and signed the form acknowledging his rights. (*See* Testimony of Det. Joe Picone, Record at p. 143). Defendant does not raise any error herein with respect to the statement he made to Det. Joe Picone, which was, in substance, the same statement.

The question of whether an accused's rights are scrupulously honored depends on the totality of the circumstances involved under the particular facts of each case. The factors to be considered include who initiates the further questioning, the time delay between the original request and subsequent interrogation, whether *Miranda* warnings were given before each separate interrogation, whether waiver of rights forms were signed and whether or not pressure was asserted on the accused by the police between the time he invoked his right and

the subsequent interrogation.  <u>Michigan</u> v. <u>Mosley</u>, 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d

313 (1975).  In this case, the First Circuit Court of Appeal found as follows:

> The testimony presented at the motion to suppress hearing indicates that on May 13, 2004, Detective Joe Picone of the St. Tammany Parish Sheriff's Office advised the defendant of his rights and executed a <u>Miranda</u> rights form. The defendant stated that he understood his rights and signed the form as further indication that he understood his rights.  The second portion of the <u>Miranda</u> rights form consists of a waiver of rights.  The defendant declined to waive his rights.  He then stated that he was not involved and was at home when the shooting occurred.  Detective Picone ceased any attempt to question the defendant.  The questioning began at 11:18 p.m. and ended at 11:19 p.m.
>
> When Detective Saacks (the lead detective in the case) arrived, he consulted Detective Picone and determined that the defendant was informed of his rights.  Detective Picone relinquished the defendant to Detective Saacks. Detective Saacks had personal contact with the defendant at approximately 1:30 a.m.  Detective Saacks asked the defendant if he would be willing to answer questions and the defendant responded positively.  Detective Saacks confronted the defendant with the facts of the case and informed the defendant that he had been identified as the shooter.  Detective Saacks specifically testified, "And to that he replied that he didn't know anything about it.  He was at home when it occurred.  The nothing I said was going to make him change his story.  And . . . he had nothing else to say."  The defendant put his head down and Detective Saacks terminated the interview.
>
> * * *
>
> . . . The defendant initially made the contested statement to Detective Picone contemporaneously with his invocation of the right to remain silent.  Thus, we find the State's reference to the defendant's remarks would pose no constitutional violation. . . There was a substantial time delay between the defendant's original invocation and the subsequent contact by Detective Saacks. There is no showing that Detective Saacks approached defendant with the intention of browbeating him into making a statement and no evidence suggested the defendant was pressured or coerced into making a statement. Both officers abruptly ceased their attempt to question the defendant upon the invocation of his right to remain silent.  The record supports the trial court's denial of the defendant's motion to suppress the statement at issue herein. (Footnotes omitted).  (Court of Appeal opinion, p. 6-8).

Page 7

The police are not prohibited from re-initiating questioning with a suspect after he has invoked his right of silence.  The critical safeguard in the right to remain silent is the right of defendant to cut off the questioning.  Mosley, *supra*.  In this case, this critical safeguard was not violated.  The uncontradicted testimony was that Detective Saacks, without any coercion, *asked* the defendant if he would be willing to talk to him, after defendant had twice been advised of his rights.  Defendant's statement was not given as a result of any compelling influences, but was merely his voluntary attempt to exculpate himself.

Petitioner has failed to show that the state court made an unreasonable determination of the facts or violated any established federal law.

## Claim No. 2 - Ineffective Assistance of Counsel

In his second and final claim herein, petitioner argues he received ineffective assistance of counsel and was denied the right to present a defense and the right to confrontation and cross-examination.  While he references a brief for supporting facts, no brief was filed.  In his direct appeal, he alleged ineffective assistance of counsel because his trial counsel was ineffective in his cross-examination and did not question the police officers regarding why they did not perform gunshot residue testing.  In his application for post-conviction relief, he alleged his counsel failed to conduct pretrial discovery, failed to call witnesses and failed to subject the State's case to meaningful adversarial testing.

Contrary to petitioner's assertion, his counsel did engage in pretrial discovery, filing a motion seeking such discovery and being provided with open file discovery.  (State court record, p. 74, 83).  With regard to petitioner's argument on his direct appeal that his counsel

failed to question the police about the failure to perform gunshot residue testing, the allegation is simply not true.  Defense counsel did, in fact, question Det. Saacks on this issue (State court record at p. 361-362) and argued it to the jury in closing arguments, as the First Circuit found in its analysis of this claim.

In order to establish an ineffective assistance of counsel claim, petitioner must meet the two prong test set forth in Strickland v. Washington, 466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984).  In order to prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient, meaning that counsel made errors so serious that he was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and that counsel's errors prejudiced the defense.  In evaluating the performance of counsel, the inquiry must be whether counsel's assistance was reasonable considering all of the circumstances.  The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

The burden of proof lies with the petitioner, and the petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable professional assistance.  An attorney's performance generally carries with it a strong presumption of adequacy and is only deficient if it is objectively unreasonable.  An analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances.  Lambert v. Cain, 2001 U.S.Dist. Lexis 3487 (E.D. La. 2001).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, *supra* 466 U.S. at 689, 104 S.Ct. 2052.

In habeas claims involving counsel's failure to call witnesses, the petitioner must show that the witness' testimony would have been favorable and that the witness would have testified at trial. Such claims are not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and speculations as to what these witnesses have testified is too uncertain. Alexander v. McCotter, 775 F.2d 595 (5th Cir.1985). As a general rule, complaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. Graves v. Cockrell, 351 F.3d 143 (5th Cir.2003). The primary witness discussed by petitioner in his state court application for post-conviction relief is Regina Spencer, who he alleges did not testify at trial. However, a review of the record shows she did, in fact, testify. (Record, beginning at p. 316). Testimony from any other alleged witnesses is speculative and unsupported.

Petitioner has failed to meet his burden of proving that the ruling of the state court was contrary to United States Supreme Court jurisprudence or that the state court made an unreasonable determination of the facts. The State submits this claim is without merit.

**CONCLUSION**

For the foregoing reasons, the State respectfully requests that petitioner's Application

for Habeas Corpus Relief be dismissed, with prejudice.

Respectfully submitted:

By:   s/Kathryn Landry_____
      KATHRYN LANDRY, Bar No.  19229
      P. O. Box 82659
      Baton Rouge, LA 70884
      Telephone:  (225) 766-0023
      Facsimile: (225) 766-7341

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing MEMORANDUM IN

OPPOSITION TO APPLICATION FOR HABEAS CORPUS has been mailed to the

opposing party herein:

Robert Lee Marshall, #473428
Louisiana State Penitentiary
Cell Block B, Main Prison
Angola, LA 70712

Baton Rouge, Louisiana this 3rd day of October, 2011.

s/Kathryn Landry_____
KATHRYN LANDRY