# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT LEE MARSHALL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 11-1789** |
| **N. BURL CAIN, WARDEN** | * | **SECTION: "B"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as time barred.

Petitioner, Robert Lee Marshall, is a state prisoner incarcerated in the Louisiana State Penitentiary, Angola, Louisiana. Petitioner is serving a life sentence without benefit of parole, probation or suspension of sentence, having been convicted by a jury of second degree murder, in violation of La. R.S. 14:30.1. Petitioner claims that his continued incarceration is in violation of his United States Constitutional rights. The federal claims brought by petitioner are that: (1) the trial judge erred in failing to suppress the evidence and statement made to law enforcement; and, (2) ineffective assistance of counsel.[1]

The State filed its response to the habeas corpus petition on October 3, 2011, urging this Court to dismiss the petition because it was not timely filed.[2] For the following reasons, the court agrees with the State's argument and finds the petition to be time-barred.

## **Procedural History**

The defendant, Robert Lee Marshall, was found guilty via a jury of second degree murder on January 31, 2007.[3] He was sentenced to life in prison, without benefit of parole, probation or suspension of sentence on February 2, 2007.[4] Petitioner appealed his conviction and sentence to the Louisiana Court of Appeal, First Circuit, and his conviction was affirmed

---

[1] Federal Rec. Doc. No. 1, Petition, pages 6-10.

[2] Federal Rec. Doc. No. 10.

[3] Minute entry dated 1/31/07, State Rec. Vol. 1.

[4] Minute entry dated 2/2/07, State Rec. Vol. 1.

2

on December 21, 2007.[5] Petitioner timely filed for a writ of certiorari on January 2, 2008, in the Louisiana Supreme Court, which denied the writ on September 19, 2008.[6] No review via writ of certiorari was sought by petitioner from the U.S. Supreme Court.

Subsequently, Marshall sought relief via a state post-conviction application (PCR) filed with the trial court on July 17, 2009. A response to this application was filed by the State on August 11, 2009 and the PCR was denied by the court on August 31, 2009, in a written opinion.[7] Petitioner sought review of this decision by filing an application for supervisory writs with the Louisiana Court of Appeal, First Circuit on September 28, 2009. On November 9, 2009, the appellate court denied writs.[8]

---

[5] *State v. Marshall*, 2007 WL 4480809 (Writ No. 2007-KA-1026)(La. App. 1st Cir. 12/21/07)(Unpublished), a copy of which can be found in State Rec. Vol. 1.

[6] *State of Louisiana v. Robert Lee Marshall*, No. 2008-KO-0250. See State Record, Vol. 1, for a copy of the ruling.

[7] See State Record, Vol. 1 for a copy of the PCR, the State's response thereto, and the trial court decision denying relief.

[8] See State Record, Vol. 1 for a copy of the application for writs and subsequent denial by the Louisiana Court of Appeal, First Circuit. See also, *State v. Marshall*, Writ 2009-KW-1785 (La. Ct. App. 1st Cir. 11/9/09), same volume.

Petitioner then sought relief from the Louisiana Supreme Court, filing an application for review with that court on or about November 18, 2009.[9] On November 5, 2010, the Louisiana Supreme Court denied the writ.[10]

Petitioner failed to date his federal application for habeas corpus relief at the time he signed the petition, thus the only date the court can rely upon is the post-mark date, which appears to be, at the earliest, June 20, 2011.[11]

---

[9] The metered date on the envelope in which the application was mailed was dated 11/18/09 and a letter from the Louisiana Supreme Court indicates the mailing was received and filed on 11/24/09. See State Record. Vol. 1. The court gives petitioner the benefit of the metered date.

[10] *State ex rel. Marshall v. State*, Writ No. 2009-KH-2540 (La. 11/5/10), a copy of which is located in both State Record Vol. 1 and Vol. 2.

[11] Under the prison mailbox rule applied by the U.S. Fifth Circuit of Appeals, a *pro se* petition would be deemed filed as of the date the prisoner placed it in the prison mail system. *Hernandez v. Thaler*, 630 F.3d 420 (5th Cir. 2011), citing *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009)(per curiam). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. LeBlanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition). Having failed to date his petition, petitioner loses the benefit of this "tendered" date and the court can only rely upon the post-mark date printed on the mailing envelope. The postmark date is June 2_, 2011, the second number barely being legible. Since the original petition was stamped by the court as tendered, with deficiencies, on June 21st, 2011, the earliest date that the envelope could be post-marked is June 20th, 2011. The court thus gives petitioner the benefit of June 20th, 2011 as his filing date.

4

**Timeliness**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to Title 28, United State Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[12] *See* Title 28, United States Code, Section 2244(d)(1)(A)(West 2011), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), when a habeas petitioner has pursued relief on direct appeal through the state's highest court, a conviction that has become final pursuant to La. C. Cr. P. art. 922 is considered final for purposes of 28 U.S.C. § 2254 when the time expires for a defendant to seek certiorari at the United States Supreme Court, i.e., ninety days after the decision of the Louisiana Supreme Court on direct appeal is final. *Butler v. Cain*, 33 F.3d at 317 (5th Cir. 2008), *citing Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Johnson v. Cain*, 2000 WL 14688, *1 (E.D.La. 2000), *citing Ott v. Johnson*, 192 F.3d 510, 511 (5th Cir. 1999)*; see also* U.S. Sup. Ct. R. 13(1). As previously mentioned, petitioner sought review of his conviction and sentence with the Louisiana Supreme Court

---

[12]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. **Lindh v. Murphy**, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

5

via writ of certiorari. That court denied relief on September 19, 2008 and the ninety days thereafter for seeking U.S. Supreme Court review would end on December 19, 2008. Thus Marshall's conviction was final as of December 19, 2008 and his one year limitations period began running on that date and expired on December 19, 2009. Petitioner did not file the subject action until June 20, 2011, thus his challenge to his conviction must be dismissed unless the one-year statute of limitation period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As mentioned in the previously set forth procedural history, petitioner filed his first state PCR application on July 17, 2009. He therefore allowed 209 days of his one year federal limitations period to expire before he properly filed a post-conviction application to toll the limitations period. This post-conviction application remained pending in the state courts until the Louisiana Supreme Court denied relief on November 5, 2010. At that time, the limitations period began running again, with another 226 days expiring before the instant federal habeas application was filed. In sum, petitioner allowed a total of 435 days to run despite a 365 day limitations period. To explain another way, the federal limitations period expired on April 11, 2011 and petitioner did not file his petition until June 20, 2011.

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to equitable tolling. *Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). Petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); see also *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002). In the instant case, petitioner makes no claim for equitable tolling.[13]

Since petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for habeas corpus relief with respect to his conviction had to be filed on or before April 11, 2011. Because his federal application was not filed until June 20, 2011, it is untimely.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the petition for federal habeas corpus relief filed by Robert Lee Marshall be **DISMISSED WITH PREJUDICE AS TIME BARRED.**

---

[13] In fact, petitioner filed no supporting memorandum with his federal petition.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Title 28, United States Code, Section 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996)(*en banc*).[14]

New Orleans, Louisiana, this 26th day of April, 2012.

LOUIS MOORE, JR.
U.S. MAGISTRATE JUDGE

---

[14]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, Title 28, United States Code, Section 636(b)(1) was amended to extend that period to fourteen days.